# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Melvin Wing,                                                         Civil No. 15-15 (PJS/JJK)

        Petitioner,

v.                                                              **REPORT AND**
                                                               **RECOMMENDATION**

United States of America,

        Respondent.

---

Melvin Wing, 04599-046, USMCFP, Unit 10-G, P.O. Box 4000, Springfield, MO 65801-4000, pro se Petitioner.

Ana H. Voss, Esq., and D. Gerald Wilhelm, Esq., United States Attorney's Office, counsel for Respondent.

---

JEFFREY J. KEYES, United States Magistrate Judge

       When Petitioner Melvin Wing filed this habeas case pursuant to 28 U.S.C. § 2241 (Doc. No. 1, Pet.),[1] he was confined to the United States Federal Medical Center in Springfield, Missouri ("FMC-Springfield"), subject to an Order for civil commitment that was entered in this

---

[1]     In his Petition, Wing also appeared to address the conditions of his confinement, asserting that the federal medical center where he is located is a penal institution rather than a hospital (Pet. 9), and that he is being "treated the same as, and worse than, convicted and sentenced prisoners" (id. at 10). An individual in the custody of the United States cannot challenge the conditions of confinement through a habeas petition under 28 U.S.C. § 2241. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (stating that habeas corpus is not the proper remedy where the prisoner is not challenging the validity of his conviction or the length of his detention) (per curium) Instead, he must bring such claims in an appropriate civil complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Kruger*, 77 F.3d at 1073; *Taylor v. Roal*, No. 10–CV–3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010). The district court can give a habeas petitioner an opportunity to convert a habeas petition seeking to remedy conditions of confinement into a civil complaint, but here Wing also challenges the legality of his confinement, which is a cognizable habeas claim. Accordingly, to the extent Wing seeks to assert any conditions-of-confinement claims in this case, those claims should be dismissed without prejudice.

district pursuant to 18 U.S.C. § 4246.  *See United States v. Wing*, No. Civ. 13-151 (JNE/JJK), Doc. No. 20 (D. Minn. May 15, 2013) (Order granting petition to commit Wing to the custody of the United States Attorney General).  In his § 2241 Petition, Wing alleged that his confinement at FMC-Springfield violated his rights under the Fourth and Fifth Amendments to the United States Constitution and several federal statutes (id. at 2 § III), and that the Attorney General had no statutory authority to confine him (id. at 9).

The Government responded to Wing's Petition, arguing that: (1) Wing has failed to show that his confinement is unlawful (Doc. No. 3, Gov't Resp. to Pet. ("Gov't Resp.") 6–8); (2) if the Court were to construe Wing's petition as a motion for a hearing to determine whether he should be discharged under 18 U.S.C. § 4247(h), such a motion should be denied (id. at 9–10); and (3) since this case was filed, Wing has been granted a conditional release, and will soon be released from custody after a suitable placement has been found for him, thereby rendering this case moot (Doc. No. 13, Gov't Resp. to Mot. to Am. ("Gov't MTA Resp.")).

Because the Government asserted that the case had been rendered moot, but the Court could not determine on the record before it whether Wing's Petition had been rendered moot, this Court ordered the Government to provide an update regarding Wing's in-custody status.  (Doc. No. 17.)  The Government responded to the Court's order requiring further information regarding Wing's in-custody status.  (Doc. No. 18.)  The Government advised the Court that "[s]ocial work staff members at the Federal Medical Center in Springfield, Missouri, have found an available placement for Petitioner in Great Falls, Montana," and "[a] motion for [Wing's] conditional release was filed on December 15, 2015."  (Id. at 1.)  On December 16, 2015, the Court entered an Order for Conditional Release in Wing's civil commitment case providing that "Respondent Melvin Wing shall be released from his commitment to the custody of the Attorney

General Pursuant to 18 U.S.C. § 4246 as soon as reasonably possible[.]" *United States v. Wing*, No. Civ. 13-151 (JNE/JJK), Doc. No. 24 (D. Minn. Dec. 16, 2015).

Under 28 U.S.C. § 2241(c), habeas relief is only available to a person who is "in custody." *Jones v. Cunningham*, 371 U.S. 236, 241 (1963). The Eighth Circuit has held that a prisoner is no longer in custody when he is conditionally released and that his conditional release moots an appeal of a district court's denial of a habeas petition. *See Copley v. Keohane*, 150 F.3d 827, 829–30 (8th Cir. 1998) ("[Petitioner's] release is not unconditional and could be revoked at any time by the [committing court,] [b]ut at this time [the petitioner] is not in the custody of anyone over whom we have jurisdiction, so there is no entity that we can order to effect [his] release should the writ issue. The case is thus moot and we will not consider [petitioner's] appeal."). This case is moot for the same reasons that the appeal in *Copley* was moot. Wing is no longer in-custody because he has been ordered conditionally released by the Court that ordered his civil commitment. Thus, Wing's habeas petition is moot and should be denied on that basis.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) be **DENIED AS MOOT**;

2. To the extent Wing's Petition could be construed as raising claims concerning the conditions of his confinement, such claims be **DISMISSED WITHOUT PREJUDICE**; and

3. This case be **DISMISSED**.

Date: December 21, 2015

       s/ Jeffrey J. Keyes
       JEFFREY J. KEYES
       United States Magistrate Judge

NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.